UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

-------------------------------------------------------------x
GT-9127

JOSEPH IOVANE,

**08**    07 Civ    **0016**

              Plaintiff,          :

     against -            :

**NOTICE OF REMOVAL**

STARBUCKS COFFEE COMPANY, and     :
STARBUCKS CORPORATION,

             Defendant(s).       :

-------------------------------------------------------------x

RECEIVED
JAN 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

SIRS:

        PLEASE TAKE NOTICE that defendant STARBUCKS CORPORATION d/b/a

STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS"), pursuant to 28 U.S.C.

§1441 and based upon this Court's diversity jurisdiction under 28 U.S.C. §1332, removes this

action from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York. The grounds for such removal are

as follows:

        1.    Plaintiff JOSEPH IOVANE commenced an action on or about January 4, 2007 by

filing a Summons and Verified Complaint in the Supreme Court of the State of New York,

County of New York. The Summons and Verified Complaint subsequently were served on the

New York Secretary of State on April 11, 2007 and on STARBUCKS registered agent,

Corporation Service Company, on April 16, 2007. A copy of the Summons and Verified

Complaint is attached hereto as Exhibit "A". On May 16, 2007, defendant STARBUCKS served

its Verified Answer to Verified Complaint. A copy of the Verified Answer to Verified

Complaint is attached hereto as Exhibit "B". On May 16, 2007, defendant STARBUCKS also

3077718 1

served, pursuant to CPLR § 3017(c), a Request for Supplemental Demand for Relief.  A copy of

the Request for Supplemental Demand for Relief is attached hereto as Exhibit "C".  On

September 21, 2007, defendant STARBUCKS served a Request for Judicial Intervention seeking

a preliminary conference in this matter.  A copy of STARBUCKS Request for Judicial

Intervention is attached hereto as Exhibit "D".  On November 8, 2007, a preliminary conference

was held in this case.  A copy of the Preliminary Conference Order is attached hereto as Exhibit

"E".  On December 12, 2007, defendant STARBUCKS served a Motion to Compel plaintiff to

respond to defendant STARBUCKS Request for Supplemental Demand for Relief.  A copy of

defendant STARBUCKS Motion to Compel is attached hereto as Exhibit "F".  On December 19,

2007, plaintiff served his Response to STARBUCKS Request for Supplemental Demand for

Relief in which plaintiff alleges damages in the amount of $1,000,000.00.  A copy of plaintiff's

Response to Supplemental Demand for Relief is attached hereto as Exhibit "G".

    2.    Upon information and belief, these are the only pleadings in the action filed in

New York County Supreme Court.

    3.    Plaintiff is a citizen and resident of the State of New York and resides in Seaford,

New York, County of Nassau.  <u>See</u> the Summons attached hereto as Exhibit "A".

    4.    Defendant STARBUCKS is a foreign corporation organized and existing under

the laws of the State of Washington and has its principal place of business in Seattle,

Washington.

    5.    The amount in controversy, as alleged in plaintiff's response to defendant

STARBUCKS Request for Supplemental Demand for Relief served on December 19, 2007,

exceeds $75,000, exclusive of interest and costs.  <u>See</u> plaintiff's response to defendant

STARBUCKS Supplemental Demand for Relief, attached hereto as Exhibit "G".

6.      This removal is timely pursuant to 28 U.S.C. § 1446(b).

7.      Jurisdiction exists in this Court by reason of diversity of citizenship, 28 U.S.C. §

1332.

8.      Venue in this Court is proper pursuant to 28 U.S.C. §1391 (a)(1) and (c).

Dated: New York, New York
       January 2, 2008

Respectfully yours,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
      George N. Tompkins, III (GT-9127)
150 East 42nd Street
New York, New York 10017
(212) 490-3000, Ext. 2562
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

To:     Kenneth S. Fink, Esq.
       CHERIFF & FINK, P.C.
       2 Rector Street – Suite 2104
       New York, New York 10006-1893
       Attorneys for Plaintiff
       JOSEPH IOVANE

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

JOSEPH IOVANE,

                                    Plaintiff,

            -against-

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

                                    Defendants.
-------------------------------------------------------------X

Index #: *100154/07*
Date purchased: *1/4/07*

Plaintiff designates
NEW YORK
County as the place of trial

The basis of the venue is
Defendants' Place of Business

**SUMMONS**

Plaintiff resides at
3678 Ocean Avenue
Seaford, NY 11783
COUNTY OF NASSAU

To the above named Defendants

            **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's
attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

Dated:        New York, New York
              December 29, 2006

                                    SHERIFF & FINK, P.C.

                                    By: Kenneth S. Fink
                                    Attorneys for Plaintiff
                                    JOSEPH IOVANE
                                    2 Rector Street – Suite 2104
                                    New York, New York 10006-1893
                                    (212) 285-4100

Defendants' addresses:
STARBUCKS COFFEE COMPANY
2401 UTAH AVE SOUTH
SEATTLE, WASHINGTON, 98134
VIA SECRETARY OF STATE

STARBUCKS CORPORATION
2401 UTAH AVE SOUTH
SEATTLE, WASHINGTON, 98134
VIA SECRETARY OF STATE

                                    NEW YORK
                                    COUNTY CLERK'S OFFICE

                                    JAN 0 4 2007

                                    NOT COMPARED
                                    WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JOSEPH IOVANE,

                              Plaintiff,

        - against -

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

                              Defendants.
------------------------------------------------------------X

Index No.: *100154/07*

**VERIFIED COMPLAINT**

        Plaintiff JOSEPH IOVANE, by his attorneys, Cheriff & Fink, P.C., for his Verified Complaint alleges as follows:

        1.      Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY was and still is a Foreign Business Corporation.

        2.      Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY was and still is doing business in the State of New York.

        3.      Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION was and still is a Foreign Business Corporation.

        4.      Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION was and still is doing business in the State of New York.

        5.      Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY owned and operated and still owns and operates a Starbucks Coffee Store located at 462 7th Avenue, New York, New York, known as Starbucks #7403 (the "Store").

        6.      Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION owned and operated and still owns and operates the Store.

        7.      Upon information and belief, at all relevant times, Defendants, their employees or agents managed, maintained and/or operated and still manage, maintain and/or operate the Store.

NEW YORK
COUNTY CLERK'S OFFICE

ⒿAN 0 4 2007

NOT COMPARED
WITH COPY FILE

neglected to ameliorate the condition after actual notice and/or constructive notice.

10.    Upon information and belief, Defendants, their agents, and/or employees had actual knowledge and notice of the defective, dangerous, and/or trap-like condition since this condition had existed for a sufficient length of time prior to the accident, that Defendants, their agents, and/or employees, in the exercise of reasonable care, and upon proper inspection, could have and should have had such notice and knowledge.

11.    As a result of the accident, Plaintiff JOSEPH IOVANE suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; confining him to home and bed; compelling him to obtain hospital and medical treatment for the injuries and disabilities; incapacitating him from attending his employment and from his usual duties, and thereby depriving him of the emoluments derived therefrom; preventing him from enjoying the normal fruits of his activities; and resulting in substantial monetary expenses, loss and injuries, some of which may be permanent in nature.

12.    By reason of the foregoing, Plaintiff JOSEPH IOVANE has been damaged in an amount in excess of the jurisdictional limits of all lower courts and in an amount to be determined at trial.

WHEREFORE, Plaintiff JOSEPH IOVANE demands judgment against Defendants, STARBUCKS COFFEE COMPANY, and STARBUCKS CORPORATION, jointly and severally, in an amount in excess of the jurisdictional limits of all lower courts and in an amount to be determined at trial together with the costs and disbursements of this action.

Dated:        New York, New York
              December 29, 2006

CHERIFF & FINK, P.C.

By: Kenneth S. Fink
Attorneys for Plaintiff
JOSEPH IOVANE
2 Rector Street -- Suite 2400 NEW YORK
New York, New York 10006-1893 COUNTY CLERKS OFFICE
(212) 285-4100

JAN 0 4 2007

NOT COMPARED
WITH COPY FILE

# ATTORNEY'S

# VERIFICATION

Kenneth S. Fink, an attorney admitted to practice in law in the Courts of the State of New York affirms under penalties of perjury as follows:

I am associated with Cheriff & Fink, P.C , attorneys for Plaintiff in the within action and I am fully familiar with the facts and circumstances herein.

I have read the foregoing Verified Complaint and know the contents to be true to my own knowledge except as to matters therein alleged on information and belief, and as to those matters I believe them to be true.

The sources of my information are my conversations with Plaintiff and the records and information contained in the files in our office.

The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside within the County of New York which is the County where I maintain my office.

Dated:    New York, New York
          December 29, 2006

Kenneth S. Fink

NEW YORK
COUNTY CLERK'S OFFICE

JAN 0 4 2007

NOT COMPARED
WITH COPY FILE

INDEX NO.

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

JOSEPH IOVANE,

Plaintiff,

against

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

Defendants.

SUMMONS AND VERIFIED COMPLAINT

**CHERIFF & FINK, P.C.**
Attorneys for Plaintiff
2 Rector Street - Suite 2104
New York, New York 10006
(212) 285-4100

Certification By Attorney
      The undersigned, any attorney admitted to practice in the courts of New York, certifies that the
Within has been compared by the undersigned with the original and found to be a true and completed copy.
      The undersigned affirms that the foregoing statement is true, under the penalties of perjury.

Dated:

Notice of Entry
      Sir:  PLEASE TAKE NOTICE that the within is a (certified) true copy of a        duly entered in the office
of the clerk of the within named court on              , 20_____

Dated:
To:                    WITH COPY FILE
Attorneys for:         NOT COMPARED

JAN 0 4 2007

COUNTY CLERK'S OFFICE
NEW YORK

02 1A
00043714734
MAILED FROM ZIP C(

CERTIFIED MAIL

7111 5495 5583 1535 6082

RETURN RECEIPT REQUESTED

Article Addressed To:

STARBUCKS CORPORATION
UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

USA/CERTIFIED

PS Form 3800, 6/02

New York State Department of State
41 State Street
Albany, NY 12231

Receipt # 200704120250

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By:  (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor     (Please Print Clearly)

Delivery Address

City                    State          ZIP + 4 Code

Sender:

UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

DOS-1248 (11/95)

State of New York - Department of State
Division of Corporations

Party Served:
STARBUCKS CORPORATION

Plaintiff/Petitioner:
IOVANE, JOSEPH

UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 04/11/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

SLM / ALL
Transmittal Number: 5100393
Date Processed: 04/17/2007

| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |
|---|---|

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number  0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Joseph Iovane  vs  Starbucks Coffee Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court: | New York County, Supreme Court, New York |
| Case Number: | 100154/07 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 04/16/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Dept of State-NY on 04/11/2007 |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Kenneth S. Fink<br>212-285-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s)  It does not constitute a legal opinion  The recipient is responsible for interpreting the documents and taking appropriate action

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

JOSEPH IOVANE,

              Plaintiff,

       - against -

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

            Defendants.
-------------------------------------------------------------------x

:   Index No.: 100154/07

:   **VERIFIED ANSWER**
:   **TO VERIFIED COMPLAINT**

:

:   NEW YORK
   COUNTY CLERK'S OFFICE

:   MAY 17 2007

:   NOT COMPARED
   WITH COPY FILE

Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, for its Verified Answer to the Verified Complaint, alleges upon information and belief, as follows:

    1.    Denies the allegations in Paragraphs 1, 2, 3, 4, 5, 6 and 7 of the Verified Complaint, except admits that STARBUCKS is a foreign corporation existing under the laws of the State of Washington, that it is authorized to and does conduct business in the State of New York and that it operates a retail store at the address identified in Paragraph 5 of the Verified Complaint.

    2.    Denies the allegations in Paragraphs 8, 9, 10, 11 and 12 of the Verified Complaint.

<div align="center"><u>FIRST DEFENSE</u></div>

    3.    The Verified Complaint fails to state a claim upon which relief can be granted.

2804481 1

## SECOND DEFENSE

4.    Whatever injury or damage may have been sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendant STARBUCKS is, therefore, not liable to plaintiff or, in the alternative, that its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## THIRD DEFENSE

5.    Defendant STARBUCKS specifically denies that any negligence on its part contributed to or was a proximate cause of any injuries or damages sustained by the plaintiff, but, in the event it is found that defendant STARBUCKS is negligent in any manner or to any degree, defendant STARBUCKS alleges upon information and belief that other parties hereto and persons or entities not named in this action may be negligent to a certain degree for the injuries or damages sustained by plaintiff and therefore contend that, in the event there is found to be fault on the part of defendant STARBUCKS, which in any manner or degree contributed to the injuries of plaintiff, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons whether named to this action or otherwise.

## FOURTH DEFENSE

6.    Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by defendant STARBUCKS or by any person for whom defendant STARBUCKS is responsible.

2804481.1

2

## FIFTH DEFENSE

7.    The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of defendant STARBUCKS.

## SIXTH DEFENSE

8.    Plaintiff assumed the risk of his alleged injuries and on that account defendant STARBUCKS is not liable to plaintiff.

## SEVENTH DEFENSE

9.    As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, STARBUCKS claims the benefit of Civil Procedure Law and Rule 4545(c).

## EIGHTH DEFENSE

10.    This action is time barred pursuant to the applicable Statute of Limitations.

WHEREFORE, defendant STARBUCKS demands judgment dismissing the Verified Complaint together with its costs and disbursements, or, in the alternative, that its liability be limited as prayed upon, together with costs, disbursements and fees incurred.

2804481.1

3

Dated: New York, New York
May 16, 2007

Yours, etc.,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
George N. Tompkins, III
150 East 42nd Street
New York, New York 10017
(212) 490-3000, Ext. 2562
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

To:    Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
2 Rector Street – Suite 2104
New York, New York 10006
(212) 285-4100
Attorneys for Plaintiff
JOSEPH IOVANE

2804481 1

4

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

George N. Tompkins, III, an attorney duly admitted to practice law before the Courts of

the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner with the firm of Wilson Elser Moskowitz Edelman & Dicker LLP,

attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE

COMPANY in the within action; I have read the foregoing Verified Answer to the Verified

Complaint and know the contents thereof; that the same is true to my own knowledge except as

to those matters therein stated to be alleged upon information and belief, and as to those matters,

affirmant believes them to be true.  The reason this Verification is made by affirmant and not by

defendant is that defendant is a foreign corporation with its principal place of business outside

the State of New York.

The grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge

are as follows: conversations with the defendant and review of various documents related to this

matter.

George N. Tompkins, III

Sworn to before me this
16th day of May, 2007

Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02W06092482
Qualified in Queens County
Commission Expires May 19, 2007

2804481.1                                           5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action,

is over eighteen (18) years of age and resides in Floral Park, New York.  That on the 16th day of

May 2007, deponent served the within Verified Answer to the Verified Complaint upon:

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
2 Rector Street -- Suite 2104
New York, New York 10006

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an

official depository under the exclusive care and custody of the United States Post Office

Department within the State of New York.

_____
Robin Doyle

Sworn to before me this
16th day of May, 2007

_____
Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02W06092482
Qualified in Queens County
Commission Expires May 19, 2007

2804481 1

6

EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

JOSEPH IOVANE,

                Plaintiff,

        against -

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

                Defendants.

-------------------------------------------------------------------x

   :   Index No.: 100154/07

   :   **REQUEST FOR**
       **SUPPLEMENTAL DEMAND**
   :   **FOR RELIEF**

   :

   :

   :

       PLEASE TAKE NOTICE that, pursuant to CPLR § 3017(c), defendant STARBUCKS

CORPORATION d/b/a STARBUCKS COFFEE COMPANY, by and through its attorneys,

Wilson Elser Moskowitz Edelman & Dicker LLP, hereby requests that, within fifteen (15) days

hereof, the plaintiff, JOSEPH IOVANE, serve a supplemental demand for relief setting forth the

total damages to which he deems himself entitled.

Dated: New York, New York
       May 16, 2007

                Yours, etc.,

                WILSON ELSER MOSKOWITZ
                  EDELMAN & DICKER LLP

                By:                    
                    George N. Tompkins, III
                150 East 42nd Street
                New York, New York 10017
                (212) 490-3000, Ext. 2562
                Attorneys for Defendant
                STARBUCKS CORPORATION d/b/a
                STARBUCKS COFFEE COMPANY

NEW YORK
COUNTY CLERK'S OFFICE
MAY 17 2007
NOT COMPARED
WITH COPY FILE

2804618.1

To:    Kenneth S. Fink, Esq.
        CHERIFF & FINK, P.C.
        2 Rector Street – Suite 2104
        New York, New York 10006
        (212) 285-4100
        Attorneys for Plaintiff
        JOSEPH IOVANE

2804618.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         ) ss.:

COUNTY OF NEW YORK  )

      Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action,

is over eighteen (18) years of age and resides in Floral Park, New York.  That on the 16th day of

May 2007, deponent served the within Request for Supplemental Demand for Relief upon:

> Kenneth S. Fink, Esq.
> CHERIFF & FINK, P.C.
> 2 Rector Street – Suite 2104
> New York, New York 10006

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an

official depository under the exclusive care and custody of the United States Post Office

Department within the State of New York.

_Robin Doyle_

Robin Doyle

Sworn to before me this
16th day of May, 2007

_Notary Public_

Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02WO6092482
Qualified in Queens County
Commission Expires May 19, 2007

2804618 1

3

EXHIBIT "D"

UCS-840(REV 1/2000)

REQUEST FOR JUDICIAL INTERVENTION

| | | For Clerk Only |
|---|---|---|
| SUPREME COURT, | NEW YORK COUNTY | |
| INDEX NO. 100154/07 | DATE PURCHASED: 1/4/07 | |

PLAINTIFF(S):

JOSEPH IOVANE,

IAS entry date

DEFENDANT(S):

STARBUCKS COFFEE COMPANY,
and STARBUCKS CORPORATION.

**RECEIVED**

SEP 24 2007

**NEW YORK
COUNTY CLERK'S OFFICE**

Judge Assigned

RJI Date

Date issue joined: 5/16/07  Bill of particulars served (Y/N):   [ ]Yes    [X]No

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[X] Request for preliminary conference

[ ] Note of issue and/or certificate of
     readiness

[ ] Notice of motion (return date:_____)
     Relief sought _____

[ ] Order to show cause
     (clerk enter return date:_____)
     Relief sought_____
[ ] Other ex parte application (specify:
     _____)

[ ] Notice of petition (return date:_____)
     Relief sought _____

[ ] Notice of medical or dental malpractice
     action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____)

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
| | |
|---|---|
| [ ] Contested | -CM |
| [ ] Uncontested | -UM |

COMMERCIAL
| | |
|---|---|
| [ ] Contract | -CONT |
| [ ] Corporate | -CORP |
| [ ] Insurance (where insurer is a party, except arbitration) | -INS |
| [ ] UCC (including sales, negotiable instruments) | -UCC |
| [ ] *Other Commercial | -OC |

REAL PROPERTY
| | |
|---|---|
| [ ] Tax Certiorari | -TAX |
| [ ] Foreclosure | -FOR |
| [ ] Condemnation | -COND |
| [ ] Landlord/Tenant | -LT |
| [ ] *Other Real Property | -ORP |

OTHER MATTERS
| | |
|---|---|
| [ ] *_____ | -OTH |

* If asterisk used, please specify.

TORTS
Malpractice
| | |
|---|---|
| [ ] Medical/Podiatric | -MM |
| [ ] Dental | -DM |
| [ ] *Other Professional | -OPM |

| | |
|---|---|
| [ ] Motor Vehicle | -MV |
| [ ] *Products Liability | -PL |

| | |
|---|---|
| [ ] Environmental | -EN |
| [ ] Asbestos | -ASB |
| [ ] Breast Implant | -BI |
| [X] *Other Negligence Personal Injury | -OTN |
| [ ] *Other Tort (including intentional) | -OT |

SPECIAL PROCEEDINGS
| | |
|---|---|
| [ ] Art. 75 (Arbitration) | -ART75 |
| [ ] Art. 77 (Trusts) | -ART77 |
| [ ] Art. 78 | -ART78 |
| [ ] Election Law | -ELEC |
| [ ] Guardianship (MHL Art. 81) | -GUARD81 |
| [ ] *Other Mental Hygiene | -MHYG |
| [ ] *Other Special Proceeding | -OSP |

2952248.1

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|-----|----|--|-----|----|--|
| [ ] | [X] | Municipality: | [ ] | [x] | Public Authority: |
| | | (Specify_____) | | | (Specify_____) |

YES  NO
[ ]  [x]  Does this action/proceeding seek equitable relief?
[x]  [ ]  Does this action/proceeding seek recovery for personal injury?
[ ]  [x]  Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonial and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months      x Standard: 9-12 months      ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?        ☐ No          ☐ Yes, Date_____

Was a Notice of No Necessity filed?   ☐ No          ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|------------|------|---------|---------|
| | Kenneth S. Fink, Esq. CHERIFF & FINK, P.C. | 2 Rector Street – Suite 2104 New York, New York 10006 | 212-285-4100 |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|------------|------|---------|---------|
| | George N. Tompkins, III Wilson Elser Moskowitz Edelman & Dicker LLP | 150 East 42nd Street New York, New York 10017 | 212-490-3000 |
| | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

Information to be provided

RELATED CASES: (IF NONE, write "NONE" below)
Title                      Index #            Court            Nature of Relationship
None

    I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: September 24, 2007          _____
                                   (SIGNATURE)
                                   George N. Tompkins, III
                                   (PRINT OR TYPE NAME)
                                   Defendant
                                   ATTORNEY FOR STARBUCKS CORPORATION
                                   d/b/a STARBUCKS COFFEE COMPANY

2952248.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
JOSEPH IOVANE,                                          :

                              Plaintiff,    :

             - against -                    :
STARBUCKS COFFEE COMPANY, and                          :
STARBUCKS CORPORATION,                                 :

                      Defendants.    :
-----------------------------------------------------------------------x

Index No.: 100154/07

**REQUEST FOR**
**PRELIMINARY**
**CONFERENCE**

RECEIVED

SEP 2 4 2007

NEW YORK
COUNTY CLERK'S OFFICE

      The undersigned requests a Preliminary Conference. Plaintiff commenced this action

seeking money damages for personal injuries he allegedly sustained when he was burned by a

coffee carafe/dispenser at a STARBUCKS store.   Plaintiff's Verified Complaint demands

judgment against the defendants in an amount in excess of the jurisdictional limits of all lower

courts and in an amount to be determined at trial together with the costs and disbursements of

this action.

      The names, addresses and telephone numbers of all attorneys appearing in the action are

as follows:

          Plaintiff's Attorney:        Kenneth S. Fink, Esq.
                                        CHERIFF & FINK, P.C.
                                        2 Rector Street – Suite 2104
                                        New York, New York 10006
                                        (212) 285-4100

          Defendant's Attorney:      George N. Tompkins, III, Esq.
                                        WILSON ELSER MOSKOWITZ
                                        EDELMAN & DICKER LLP
                                        150 East 42nd Street
                                        New York, New York  10017
                                        (212) 490-3000
                                        Attorneys for Defendant
                                        STARBUCKS CORPORATION d/b/a
                                        STARBUCKS COFFEE COMPANY

Annexed hereto is an Affirmation of Good Faith pursuant to 22 NYCRR 202.12(a).

Dated: New York, New York
      September 21, 2007

                                Yours, etc.,

                                WILSON ELSER MOSKOWITZ
                                  EDELMAN & DICKER LLP

                                By: _____
                                    George N. Tompkins, III
                                150 East 42nd Street
                                New York, New York 10005
                                (212) 490-3000
                                Attorney for Defendant
                                STARBUCKS CORPORATION d/b/a
                                STARBUCKS COFFEE COMPANY

To:    Kenneth S. Fink, Esq.
        CHERIFF & FINK, P.C.
        2 Rector Street – Suite 2104
        New York, New York 10006
        Attorney for Plaintiff
        JOSEPH IOVANE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

JOSEPH IOVANE,

                                 Plaintiff,

               - against -

STARBUCKS COFEE COMPANY, and
STARBUCKS CORPORATION,

                               Defendant.
------------------------------------------------------------------x

Index No.: 100154/07

**AFFIRMATION**
**OF GOOD FAITH**

       GEORGE N. TOMPKINS, III, an attorney admitted to practice law in the State of New York, affirms the truth of the following under penalty and perjury:

       I am a Partner with the firm of Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS") in this litigation. I submit this Affirmation in support of defendant's Request for a Preliminary Conference. I am fully familiar with all of the prior pleadings heretofore had herein.

       1.     Plaintiff JOSEPH IOVANE filed a Summons and Verified Complaint on or about January 4, 2007. Defendant STARBUCKS served its Verified Answer on May 16, 2007.

       2.     On May 16, 2007, defendant STARBUCKS served plaintiff with a Notice for Discovery and Inspection, Demand for a Verified Bill of Particulars, Demand for Expert Witness Information, Demand for Information and Authorizations, Demand for Names and Addresses of Witnesses and Request for Supplemental Demand for Relief.

3.    On August 16, 2007, defendant STARBUCKS sent a letter to counsel for plaintiff requesting responses to defendant's discovery demands and Request for Supplemental Demand for Relief.  On August 20, 2007, plaintiff's office responded by letter advising that Kenneth S. Fink, the attorney responsible for the matter, was on vacation and would not be returning to the office until after Labor Day.  Said letter further advised that Mr. Fink would address STARBUCKS request upon his return from vacation in September.  On September 14, 2007, an Associate from my office telephoned plaintiff's office and left a message on Kenneth Fink's voice mail, again requesting responses to defendant's various discovery demands and Request for Supplemental Demand for Relief.  To date, plaintiff has not provided responses to same.  In addition, our telephone call has gone unanswered.

WHEREFORE, defendant STARBUCKS respectfully requests that this Court set a preliminary conference at a time and date convenient to the Court, together with such other relief as this Court deems proper in the circumstances.

Dated: New York, New York
       September 2l, 2007

Yours, etc.,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
      George N. Tompkins, III
150 East 42nd Street
New York, New York 10017
(212) 490-3000, Ext. 2562
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

2

To:    Kenneth S. Fink, Esq.
       CHERIFF & FINK, P.C.
       2 Rector Street – Suite 2104
       New York, New York 10006
       Attorney for Plaintiff
       JOSEPH IOVANE
       (212) 285-4100

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

ANZIE L. ANDREWS, being duly sworn, deposes and says:  that deponent is not a party

to this action, is over 18 years of age and resides in Queens County;

That on the 21st day of September, 2007, deponent served the within document entitled

**REQUEST FOR PRELIMINARY CONFERENCE, AFFIRMATION OF GOOD FAITH**

**AND RJI** upon:

> Kenneth S. Fink, Esq.
> CHERIFF & FINK, P.C.
> Attorney for Plaintiff
> JOSEPH IOVANE
> 2 Rector Street, Suite 2104
> New York, New York  10006

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of

same enclosed in a postpaid, properly addressed wrapper, in an official depository under the

exclusive care and custody of the United States Post Office within the State of New York.

_ANZIE L. ANDREWS_

ANZIE L. ANDREWS

Sworn to before me this
21st day of September, 2007

_Adrienne N. Kitchen_
Notary Public

**Adrienne N. Kitchen**
**Notary Public, State of New York**
**No 02KI6129420**
**Qualified in New York County**
**Commission Expires June 20, 2009**

2956493 1

EXHIBIT "E"

## SUPREME COURT OF THE STATE OF NEW YORK,  COUNTY OF NEW YORK

INDIVIDUAL ASSIGNMENT PART  [OR JUSTICE]    *Part 61*

Joseph Iovane

Plaintiff(s),

- against -

STARBUCKS CORPORATION

Defendant(s).

Index No.    *100154/07*

DCM Track    _____

### PRELIMINARY CONFERENCE
### ORDER

(202.8, 202.12 and 202.19
of the Uniform Rules)

**APPEARANCES**
Plaintiff(s):    *Churill & Fink PC by ___ A. Zc*

Defendant(s):    *Wilson Elser L, George N. Tompkins III*

It is hereby ORDERED that disclosure shall proceed as follows:

(1) **Insurance Coverage:**  If not already provided, shall be furnished by  *d*  on or before  *December 10, 2007*

(2) **Bill of Particulars:**
    (a) Demand for a bill of particulars shall be served by _____  on or before _____
    (b) Bill of particulars shall be served by  *P/H/2*  on or before  *December 10, 2007*
    (c) A supplemental bill of particulars shall be served by _____  as to Items
    _____  on or before _____

(3) **Medical Reports and Authorizations:**
    Shall be served as follows: _____

(4) **Physical Examination:**
    (a) Examination of  *Plaintiff*  shall be held
    *within 45 days of EBT*
    (b) A copy of the physician's report shall be furnished to plaintiff within  *30*  days of the examination.

(5) **Depositions:**  Depositions of ☐ Plaintiff(s)  ☐ Defendant(s)  ☒ All Parties    shall be held
    *on or before   3/1/08*

(6) **Other Disclosure:**
    (a) All parties, on or before  *December 10, 2007* , shall exchange names and addresses of all eye
    witnesses and notice witnesses, statements of opposing parties, and photographs, or, if none, provide an affirmation
    to that effect.
    (b) Authorization for plaintiff(s)' employment records for the period  *N/A*
    shall be furnished on or before _____
    (c) Demand for discovery and inspection shall be served by  *all parties*
    on or before  *December 10, 2007* .  The items sought shall be produced to the extent not
    objected to, and objections, if any, shall be stated on or before  *January 10, 2008*
    (d) Other [interrogatories, etc.]  *declaratory requests previously served to*
    *be responded to with answers to the extent not already provided*

Rev. (11/1/00)

FM. TS-13b

(7) End Date for all Disclosure [must be within 12 months]: _6/10/08_

(8) **Impleader:** Shall be completed on or before _30 days after completion of discovery_

(9) **Motions:** Any dispositive motion(s) shall be made on or before _within 60 days of filing of Note of Issue_

(10) **Note of Issue:** _Plaintiff_ _____ shall file a note of issue/certificate of readiness on or before _6/10/08_ _____. A copy of this stipulation and order, an affirmation stating that the terms of the stipulation and order have been complied with, and an affidavit of service of the affirmation and note of issue shall be served and filed with the note of issue on or before said date.

(11) If a motion relating to disclosure has raised additional disclosure issues, the parties agree as follows:

_____

_____

_____

(12) Compliance conference shall be held on _3/11/08 @ 10:30 am_

Failure to comply with any of these directives may result in the imposition of costs or sanctions or other action authorized by law.

SO ORDERED   SO ORDERED:

_____
ROLANDO T. ACOSTA    J.S.C.
                      J.S.C.

Dated: _11/5/07_

D-4524

## ADDITIONAL DIRECTIVES

In addition to the directives set forth on the annexed pages, it is further ORDERED as follows:

1.

_____

_____

_____

_____

_____

_____

_____

_____

Dated:

SO ORDERED:

_____
              J.S.C.

EXHIBIT "F"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

JOSEPH IOVANE,                                    Index No. 100154/07

           Plaintiff,

      -against-                                    **NOTICE OF MOTION**

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,

           Defendant.
------------------------------------------------------------------X

**RECEIVED**

DEC 1 7 2007

IAS MOTION
SUPPORT OFFICE

     PLEASE TAKE NOTICE that upon the accompanying Affirmation of George N.

Tompkins, III in Support of the Motion to Compel, the exhibits attached thereto, the Affirmation

of Good Faith of George N. Tompkins, III, the Memorandum of Law in Support of the Motion to

Compel and the proceedings heretofore had herein, the undersigned will move the Supreme

Court of the City of New York at 60 Centre Street, New York, New York 10007, Room 130, on

January 2, 2007 at 9:30 a.m. or as soon thereafter as counsel can be heard, for an Order, pursuant

to Rule 3017 (c) of the Civil Practice Law and Rules of the State of New York compelling

Plaintiff's response to STARBUCKS Request for Supplemental Demand for Relief, and for such

other and further relief as this Court deems just and proper.

Dated: New York, New York
         December 12, 2007

                    Yours, etc.,

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

               By:_____
                   George N. Tompkins, III
                   150 East 42nd Street
                   New York, New York 10017
                   (212) 490-3000, Ext. 2562
                   Attorneys for Defendant
                   STARBUCKS CORPORATION

TO:     Kenneth Fink, Esq.
        CHERIFF & FINK, P.C.
        2 Rector Street – Suite 2104
        New York, New York  10006
        Attorneys for Plaintiff
        JOSEPH IOVANE

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK )

MARGARET ELLIOTT, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in Nassau County;

That on the 12th day of December, 2007, deponent served the within document entitled **NOTICE OF MOTION** upon:

**By FedEx Overnight Mail**

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
Attorney for Plaintiff
JOSEPH IOVANE
2 Rector Street, Suite 2104
New York, New York  10006

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a FedEx Express envelope.

_Margaret Elliott_
MARGARET ELLIOTT

Sworn to before me this
12th day of December, 2007

_Adrienne N. Kitchen_
Notary Public

**Adrienne N. Kitchen**
**Notary Public, State of New York**
**No 02KI6129420**
**Qualified in New York County**
**Commission Expires June 20, 2009**

Index No. 100154/07

Margaret Elliott
**09194.00060**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH IOVANE,

<div align="center">Plaintiff,</div>

   -against-

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,

<div align="center">Defendant.</div>

---

<div align="center">

### NOTICE OF MOTION

</div>

---

<div align="center">

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant, **STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY**
*Office & Post Office Address, Telephone*
150 EAST 42ND STREET
NEW YORK, NEW YORK  10017-5639
(212) 490-3000

</div>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------

JOSEPH IOVANE,                                    :

                            Plaintiff,            :

            - against -                           :

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,                            :

                            Defendant.            :

------------------------------------------------------------

RECEIVED

DEC 17 2007

IAS MOTION
SUPPORT OFFICE

Index No.:  100154/07

**AFFIRMATION IN SUPPORT
OF MOTION TO COMPEL**

 

George N. Tompkins, III, an attorney admitted to practice in the State of New York,

affirms the following under the penalty of perjury:

     1.     I am a Partner with the Firm of WILSON, ELSER, MOSKOWITZ, EDELMAN

& DICKER LLP, attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS

COFFEE COMPANY (hereinafter "STARBUCKS").  As such, I am fully familiar with all prior

pleadings and proceedings in this action.

     2.     I submit this Affirmation in support of  STARBUCKS Motion, pursuant to CPLR

§ 3017(c), for an Order compelling plaintiff Joseph Iovane to serve a response to STARBUCKS

Request for Supplemental Demand for Relief setting forth the total damages to which he deems

himself entitled.

     3.     Plaintiff filed a Summons and Verified Complaint on or about January 4, 2007

seeking money damages for personal injuries that he allegedly sustained at a STARBUCKS store

in Manhattan.  Defendant served its Verified Answer on May 16, 2007.  A copy of the Verified

Complaint is attached hereto as Exhibit "A" and a copy of the Verified Answer is attached hereto

as Exhibit "B."

4.     On May 16, 2007, STARBUCKS served on plaintiff a Request for Supplemental Demand for Relief pursuant to CPLR § 3017(c). A copy of STARBUCKS Request for Supplemental Demand for Relief is attached hereto as Exhibit "C." In accordance with CPLR § 3017(c), plaintiff's response was due on or before May 31, 2007. As detailed herein, plaintiff never has responded to the Request for Supplemental Demand for Relief and has ignored our requests that he comply with CPLR § 3017(c).

5.     On November 8, 2007, Judge Rolando Acosta directed that defendant's discovery requests were to be responded to within 30 days. A copy of Judge Acosta's "so ordered" Preliminary Conference Order is attached hereto as Exhibit "D".

6.     On November 19, 2007, my office spoke to plaintiff's counsel; during which conversation plaintiff's counsel confirmed that he had not yet responded to STARBUCKS Request for Supplemental Demand for Relief. Plaintiff's counsel advised that plaintiff's response would be forthcoming within the next 1-1/2 weeks.

7.     On December 3, 2007, a letter was faxed to plaintiff's counsel confirming the conversation of November 19, 2007 and requesting a response to STARBUCKS Request for Supplemental Demand for Relief. We received no response. A copy of the December 3, 2007 letter is attached hereto as Exhibit "E ".

8.     To date, however, plaintiff has failed to respond to STARBUCKS Request for Supplemental Demand for Relief, which has necessitated this motion.

9.     No previous application for the relief prayed for herein has been made.

WHEREFORE, STARBUCKS respectfully requests that the Court enter an Order

compelling plaintiff to serve his Response to STARBUCKS Request for Supplemental Demand for

Relief and for any other relief that the Court deems just and proper.


Dated: New York, New York
       December 12, 2007

George N. Tompkins, III

Ex A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------X

JOSEPH IOVANE,

                           Plaintiff,

  - against -

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

                       Defendants.

------------------------------------------------X

Index No.: 100154/07

**VERIFIED COMPLAINT**

Plaintiff JOSEPH IOVANE, by his attorneys, Cheriff & Fink, P.C., for his Verified Complaint alleges as follows:

      1.     Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY was and still is a Foreign Business Corporation.

      2.     Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY was and still is doing business in the State of New York.

      3.     Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION was and still is a Foreign Business Corporation.

      4.     Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION was and still is doing business in the State of New York.

      5.     Upon information and belief, at all relevant times, Defendant STARBUCKS COFFEE COMPANY owned and operated and still owns and operates a Starbucks Coffee Store located at 462 7th Avenue, New York, New York, known as Starbucks #7403 (the "Store").

      6.     Upon information and belief, at all relevant times, Defendant STARBUCKS CORPORATION owned and operated and still owns and operates the Store.

      7.     Upon information and belief, at all relevant times, Defendants, their employees or agents managed, maintained and/or operated and still manage, maintain and/or operate the Store.

NEW YORK
COUNTY CLERK'S OFFICE

JAN 0 4 2007

NOT COMPARED
WITH COPY FILE

8.    On January 8, 2004, Plaintiff JOSEPH IOVANE was lawfully in the Store when through the negligence and carelessness of Defendants, their agents and/or employees, Plaintiff JOSEPH IOVANE was caused to be severely burned by an improperly maintained coffee carafe/dispenser at the store and sustained serious personal injuries.

9.    Upon information and belief, Defendants, their agents and/or employees, were negligent in that Defendants caused, permitted and/or allowed the Store and more particularly the coffee carafe/dispenser to become and remain in a dangerous, defective and trap-like condition; in that Defendants failed and neglected to properly maintain the Store and more particularly the coffee carafe/dispenser whereon the trap-like condition existed; in that Defendants neglected a defective, dangerous and trap-like condition so that the area whereon Plaintiff JOSEPH IOVANE was dispensing coffee contained a problem which was likely to cause and did cause injury to him; in that Defendants failed to warn or apprise Plaintiff JOSEPH IOVANE of the danger to his person as a result of the dangerous, defective, and trap-like condition; in that Defendants failed to take any remedial action to correct the condition or to prevent the happening of the accident including but not limited to testing the defective carafe/dispenser; in that Defendants failed to have personnel assist in the serving of the hot coffee; in that Defendants violated those applicable statutes, rules, regulations and codes of the in force and in effect at the time of the accident, in failing to furnish warning to the general public, and especially persons with disabilities including Plaintiff JOSEPH IOVANE, using the carafe/dispenser of the dangerous, defective and trap-like condition during which the general public was invited and did use same; in failing and neglecting to provide for the safety of Plaintiff JOSEPH IOVANE in particular, and members of the general public, using the carafe/dispenser; in failing to have competent personnel to inspect and maintain the carafe/dispenser; in failing to instruct such personnel properly to inspect and maintain the Store and more particularly the coffee carafe/dispenser; in failing properly to inspect and maintain the Store and more particularly the coffee carafe/dispenser; in failing to properly supervise such personnel; and in having notice of a dangerous condition by reason of the actions of its agents, and/or employees who actually created the condition and/or failed and

neglected to ameliorate the condition after actual notice and/or constructive notice.

10.    Upon information and belief, Defendants, their agents, and/or employees had actual knowledge and notice of the defective, dangerous, and/or trap-like condition since this condition had existed for a sufficient length of time prior to the accident, that Defendants, their agents, and/or employees, in the exercise of reasonable care, and upon proper inspection, could have and should have had such notice and knowledge.

11.    As a result of the accident, Plaintiff JOSEPH IOVANE suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; confining him to home and bed; compelling him to obtain hospital and medical treatment for the injuries and disabilities; incapacitating him from attending his employment and from his usual duties, and thereby depriving him of the emoluments derived therefrom; preventing him from enjoying the normal fruits of his activities; and resulting in substantial monetary expenses, loss and injuries, some of which may be permanent in nature.

12.    By reason of the foregoing, Plaintiff JOSEPH IOVANE has been damaged in an amount in excess of the jurisdictional limits of all lower courts and in an amount to be determined at trial.

WHEREFORE, Plaintiff JOSEPH IOVANE demands judgment against Defendants, STARBUCKS COFFEE COMPANY, and STARBUCKS CORPORATION, jointly and severally, in an amount in excess of the jurisdictional limits of all lower courts and in an amount to be determined at trial together with the costs and disbursements of this action.

Dated:    New York, New York
          December 29, 2006

                              CHERIFF & FINK, P.C.

                              By: Kenneth S. Fink
                              Attorneys for Plaintiff
                              JOSEPH IOVANE
                              2 Rector Street – Suite NEW YORK
                              New York, New COUNTY CLERKS OFFICE
                              (212) 285-4100

                              JAN 0 4 2007

                              NOT COMPARED
                              WITH COPY FILE

# ATTORNEY'S

# VERIFICATION

Kenneth S. Fink, an attorney admitted to practice in law in the Courts of the State of New York affirms under penalties of perjury as follows:

I am associated with Cheriff & Fink, P.C., attorneys for Plaintiff in the within action and I am fully familiar with the facts and circumstances herein.

I have read the foregoing Verified Complaint and know the contents to be true to my own knowledge except as to matters therein alleged on information and belief, and as to those matters I believe them to be true.

The sources of my information are my conversations with Plaintiff and the records and information contained in the files in our office.

The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside within the County of New York which is the County where I maintain my office.

Dated:     New York, New York
           December 29, 2006

                                        Kenneth S. Fink

NEW YORK
COUNTY CLERK'S OFFICE

JAN 0 4 2007

NOT COMPARED
WITH COPY FILE

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH IOVANE,

Plaintiff,

against

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

Defendants.

SUMMONS AND VERIFIED COMPLAINT

CHERIFF & FINK, P.C.
Attorneys for Plaintiff
2 Rector Street - Suite 2104
New York, New York 10006
(212) 285-4100

Certification By Attorney

The undersigned, any attorney admitted to practice in the courts of New York, certifies that the Within has been compared by the undersigned with the original and found to be a true and completed copy.

The undersigned affirms that the foregoing statement is true, under the penalties of perjury.

Dated: ________________________

Notice of Entry

Sir: ~~PLEASE TAKE NOTICE that the within is a (certified) true copy of a~~ duly entered in the office of the clerk of the within named court on , 20______

Dated:
To:
Attorneys for:

WITH COPY FILE
NOT COMPARED

JAN 04 2007

COUNTY CLERK'S OFFICE
NEW YORK

DOS-1248 (11/96)

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

Sender:
New York State Department of State
41 State Street
Albany, NY 12231

Receipt # 200704120250

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature / ☐ Addressee or ☐ Agent
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (if Delivered from Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City

State

ZIP + 4 Code

PS Form 3800, 5/02

**CERTIFIED MAIL**

Article Addressed To:

**RETURN RECEIPT REQUESTED**

STARBUCKS CORPORATION
UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

7111 5415 5583 1535 6082

USA/CERTIFIED

3-UP Laser Form   /USA CM-075 11/05



02 1P      $
0098974734  .4PI
MAILED FROM ZIP C4

Ex B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
JOSEPH IOVANE,

                   Plaintiff,         :    Index No.: 100154/07

        - against -          :    **VERIFIED ANSWER**
                                        **TO VERIFIED COMPLAINT**

STARBUCKS COFFEE COMPANY, and   :
STARBUCKS CORPORATION,
                             :

            Defendants.     :
------------------------------------------------------------x

NEW YORK
COUNTY CLERK'S OFFICE

MAY 17 2007

NOT COMPARED
WITH COPY FILE

      Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY

(hereinafter "STARBUCKS"), by and through its attorneys, Wilson Elser Moskowitz Edelman &

Dicker LLP, for its Verified Answer to the Verified Complaint, alleges upon information and

belief, as follows:

    1.     Denies the allegations in Paragraphs 1, 2, 3, 4, 5, 6 and 7 of the Verified

Complaint, except admits that STARBUCKS is a foreign corporation existing under the laws of

the State of Washington, that it is authorized to and does conduct business in the State of New

York and that it operates a retail store at the address identified in Paragraph 5 of the Verified

Complaint.

    2.     Denies the allegations in Paragraphs 8, 9, 10, 11 and 12 of the Verified

Complaint.

<div align="center">

**FIRST DEFENSE**

</div>

    3.     The Verified Complaint fails to state a claim upon which relief can be granted.

2804481.1

## SECOND DEFENSE

4.    Whatever injury or damage may have been sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendant STARBUCKS is, therefore, not liable to plaintiff or, in the alternative, that its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## THIRD DEFENSE

5.    Defendant STARBUCKS specifically denies that any negligence on its part contributed to or was a proximate cause of any injuries or damages sustained by the plaintiff, but, in the event it is found that defendant STARBUCKS is negligent in any manner or to any degree, defendant STARBUCKS alleges upon information and belief that other parties hereto and persons or entities not named in this action may be negligent to a certain degree for the injuries or damages sustained by plaintiff and therefore contend that, in the event there is found to be fault on the part of defendant STARBUCKS, which in any manner or degree contributed to the injuries of plaintiff, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons whether named to this action or otherwise.

## FOURTH DEFENSE

6.    Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by defendant STARBUCKS or by any person for whom defendant STARBUCKS is responsible.

28044811                    2

## FIFTH DEFENSE

7.     The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of defendant STARBUCKS.

## SIXTH DEFENSE

8.     Plaintiff assumed the risk of his alleged injuries and on that account defendant STARBUCKS is not liable to plaintiff.

## SEVENTH DEFENSE

9.     As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, STARBUCKS claims the benefit of Civil Procedure Law and Rule 4545(c).

## EIGHTH DEFENSE

10.     This action is time barred pursuant to the applicable Statute of Limitations.


WHEREFORE, defendant STARBUCKS demands judgment dismissing the Verified Complaint together with its costs and disbursements, or, in the alternative, that its liability be limited as prayed upon, together with costs, disbursements and fees incurred.

Dated: New York, New York
      May 16, 2007

                           Yours, etc.,

                           WILSON ELSER MOSKOWITZ
                           EDELMAN & DICKER LLP

                           By:_____
                              George N. Tompkins, III
                           150 East 42nd Street
                           New York, New York 10017
                           (212) 490-3000, Ext. 2562
                           Attorneys for Defendant
                           STARBUCKS CORPORATION d/b/a
                           STARBUCKS COFFEE COMPANY

To:    Kenneth S. Fink, Esq.
        CHERIFF & FINK, P.C.
        2 Rector Street – Suite 2104
        New York, New York 10006
        (212) 285-4100
        Attorneys for Plaintiff
        JOSEPH IOVANE

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF NEW YORK       )

George N. Tompkins, III, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner with the firm of Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY in the within action; I have read the foregoing Verified Answer to the Verified Complaint and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true. The reason this Verification is made by affirmant and not by defendant is that defendant is a foreign corporation with its principal place of business outside the State of New York.

The grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: conversations with the defendant and review of various documents related to this matter.

_____
George N. Tompkins, III

Sworn to before me this
16th day of May, 2007

_____
Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02W06092482
Qualified in Queens County
Commission Expires May 19, 2007

2804481.1                                  5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Floral Park, New York. That on the 16th day of May 2007, deponent served the within Verified Answer to the Verified Complaint upon:

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
2 Rector Street – Suite 2104
New York, New York 10006

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Robin Doyle

Sworn to before me this
16th day of May, 2007

_____
Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02W06092482
Qualified in Queens County
Commission Expires May 19, 2007

Ex C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
JOSEPH IOVANE,

               Plaintiff,

       against -

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

              Defendants.
------------------------------------------------------------------x

:   Index No.: 100154/07

:   **REQUEST FOR
:   SUPPLEMENTAL DEMAND
:   FOR RELIEF**

:

:

      PLEASE TAKE NOTICE that, pursuant to CPLR § 3017(c), defendant STARBUCKS

CORPORATION d/b/a STARBUCKS COFFEE COMPANY, by and through its attorneys,

Wilson Elser Moskowitz Edelman & Dicker LLP, hereby requests that, within fifteen (15) days

hereof, the plaintiff, JOSEPH IOVANE, serve a supplemental demand for relief setting forth the

total damages to which he deems himself entitled.

Dated: New York, New York
       May 16, 2007

               Yours, etc.,

               WILSON ELSER MOSKOWITZ
                EDELMAN & DICKER LLP

               By: _____
                  George N. Tompkins, III
               150 East 42nd Street
               New York, New York 10017
               (212) 490-3000, Ext. 2562
               Attorneys for Defendant
               STARBUCKS CORPORATION d/b/a
               STARBUCKS COFFEE COMPANY

2804618.1

To:    Kenneth S. Fink, Esq.
       CHERIFF & FINK, P.C.
       2 Rector Street – Suite 2104
       New York, New York 10006
       (212) 285-4100
       Attorneys for Plaintiff
       JOSEPH IOVANE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Floral Park, New York. That on the 16th day of May 2007, deponent served the within Request for Supplemental Demand for Relief upon:

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
2 Rector Street – Suite 2104
New York, New York 10006

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Robin Doyle

Sworn to before me this
16th day of May, 2007

_____
Notary Public

LESLEY M. WONG
Notary Public, State of New York
No. 02W06092482
Qualified in Queens County
Commission Expires May 19, 2007

2804518.1                              3

Ex D

# SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

**INDIVIDUAL ASSIGNMENT PART [OR JUSTICE]** _Part 61_

Joseph Iovane

_Plaintiff(s),_

- against -

Starbucks Corporation

_Defendant(s)._

Index No. _100154/07_

DCM Track _____

## PRELIMINARY CONFERENCE ORDER

(202.8, 202.12 and 202.19
of the Uniform Rules)

**APPEARANCES**

Plaintiff(s): _Pinelli & Funk PC by Kevin A Zo_

Defendant(s): _Wilson Elser L, George N. Tompkins III_

It is hereby ORDERED that disclosure shall proceed as follows:

(1) **Insurance Coverage:** If not already provided, shall be furnished by _A_ on or before _December 18, 2007_

(2) **Bill of Particulars:**
   (a) Demand for a bill of particulars shall be served by _____ on or before _____
   (b) Bill of particulars shall be served by _plntf_ on or before _December 18, 2007_
   (c) A supplemental bill of particulars shall be served by _____ as to Items _____ on or before _____.

(3) **Medical Reports and Authorizations:**
   Shall be served as follows: _____

(4) **Physical Examination:**
   (a) Examination of _Plaintiff_ shall be held _within 45 days of EBT_
   (b) A copy of the physician's report shall be furnished to plaintiff within _30_ days of the examination.

(5) **Depositions:** Depositions of ☐ Plaintiff(s) ☐ Defendant(s) ☒ All Parties shall be held _On or before 3/1/08_

(6) **Other Disclosure:**
   (a) All parties, on or before _December 18, 2007_, shall exchange names and addresses of all eye witnesses and notice witnesses, statements of opposing parties, and photographs, or, if none, provide an affirmation to that effect.
   (b) Authorization for plaintiff(s)' employment records for the period _N/A_ shall be furnished on or before _____.
   (c) Demand for discovery and inspection shall be served by _all parties_ on or before _December 18, 2007_. The items sought shall be produced to the extent not objected to, and objections, if any, shall be stated on or before _January 18, 2008_.
   (d) Other [interrogatories, etc.] _All discovery requests must to be responded to within 30 days to the extent_

FM. TS-13b                                                                Rev. (11/1/00)

(7) **End Date for all Disclosure** [must be within 12 months]: 6/10/08

(8) **Impleader:** Shall be completed on or before _30 days after completion of party_

(9) **Motions:** Any dispositive motion(s) shall be made on or before _within 60 days after completion_

(10) **Note of Issue:** _Pl__ shall file a note of issue/certificate of readiness on or before _6/10/08_ . A copy of this stipulation and order, an affirmation stating that the terms of the stipulation and order have been complied with, and an affidavit of service of the affirmation and note of issue shall be served and filed with the note of issue on or before said date.

(11) If a motion relating to disclosure has raised additional disclosure issues, the parties agree as follows:

_____

_____

_____

(12) Compliance conference shall be held on _3/12/08 @ 10 a.m._

Failure to comply with any of these directives may result in the imposition of costs or sanctions or other action authorized by law.

SO ORDERED.    SO ORDERED:

_____

ROLANDO T. ACOSTA
J.S.C.

Dated: 11/5/07

D-4524

## ADDITIONAL DIRECTIVES

In addition to the directives set forth on the annexed pages, it is further ORDERED as follows:

1. _____

_____

_____

_____

_____

_____

_____

_____

Dated:

SO ORDERED:

_____
            J.S.C.

Ex E

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000    Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

———

www.wilsonelser.com

December 3, 2007

**VIA FACSIMILE**

Kenneth Fink, Esq.
Cheriff & Fink, P.C.
2 Rector Street – Suite 2104
New York, New York 10006

      Re:    Joseph Iovane v. Starbucks Coffee Company
             SSN: 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
             DOI: January 8, 2004
             Our File No.    :    09194.00060

Dear Mr. Fink:

      As discussed on November 19, 2007, this will confirm that plaintiff did not respond to Starbucks Request for Supplemental Demand for Relief in its response to Starbucks Combined Demands. This will also confirm that you advised me during our November 19, 2007 telephone conversation that plaintiff's Response to Starbucks Request for Supplemental Relief would be forthcoming within the next 1-1/2 weeks. We have not yet received this response and we would appreciate a responsive pleading to this demand as soon as possible.

      Thank you for your anticipated cooperation.

                                  Sincerely yours,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                  Robin Doyle, Legal Assistant

Enclosure

3055224.1

P. 1

\* \* \* COMMUNICATION RESULT REPORT ( DEC. 3 2007 4:16PM ) \* \* \*

FAX HEADER 1:
FAX HEADER 2:

TRANSMITTED/STORED : DEC. 3. 2007 4:15PM
FILE MODE          OPTION                 ADDRESS                           RESULT      PAGE
9781 MEMORY TX                            12122854101                       OK          2/2

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                              E-2) BUSY
E-3) NO ANSWER                                         E-4) NO FACSIMILE CONNECTION

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

**677 Broadway**                                          Telephone #:   518.449.8893
Albany, NY 12207-2996                                    Facsimile #:   518.449.8927

The following facsimile has ___ page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

| | | | |
|---|---|---|---|
| Company: | Cheriff & Fink | Date: | December 3, 2007 |
| Department: | | From: | Robin Doyle, Legal Assistant |
| Attention: | Kenneth Fink | Attorney #: | 2903 |
| Facsimile #: | 212 285 4101 | File #: | 09194.00060 |
| Telephone #: | 212 285 4100 | Re: | Iovane v. Starbucks |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White
Plains

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      )    ss.:
COUNTY OF NEW YORK  )

MARGARET ELLIOTT, being duly sworn, deposes and says:  that deponent is not a

party to this action, is over 18 years of age and resides in Nassau County;

That on the 12th day of December, 2007, deponent served the within document entitled

**AFFIRMATION IN SUPPORT OF MOTION TO COMPEL** upon:

**By FedEx Overnight Mail**

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
Attorney for Plaintiff
JOSEPH IOVANE
2 Rector Street, Suite 2104
New York, New York  10006

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of

same enclosed in a FedEx Express envelope.

_____
MARGARET ELLIOTT

Sworn to before me this
12th day of December, 2007

_____
Notary Public

**Adrienne N. Kitchen**
**Notary Public, State of New York**
**No 02KI6129420**
**Qualified in New York County**
**Commission Expires June 20,2009**

3069166.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH IOVANE,

Plaintiff,

-against-

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,

Defendant.

---

## AFFIRMATION IN SUPPORT OF MOTION TO COMPEL

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant, **STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY**
*Office & Post Office Address, Telephone*
150 EAST 42ND STREET
NEW YORK, NEW YORK 10017-5639
(212) 490-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------

JOSEPH IOVANE,                                          :

                   Plaintiff,        :

      - against -                                   :

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,                   :

                 Defendant.       :
-------------------------------------------------------------

RECEIVED

DEC 1 7 2007

IAS MOTION
SUPPORT OFFICE

Index No.: 100154/07

**AFFIRMATION OF**
**GOOD FAITH**

George N. Tompkins, III, an attorney admitted to practice in the State of New York, affirms the following under the penalty of perjury:

1.     I am a Partner with the Firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS"). As such, I am fully familiar with all prior pleadings and proceedings in this action.

2.     I submit this Affirmation of Good Faith in support of Defendant's Motion, pursuant to CPLR § 3017(c), for an Order compelling plaintiff Joseph Iovane to serve a response to STARBUCKS Request for Supplemental Demand for Relief setting forth the total damages to which he deems himself entitled.

3.     On May 16, 2007, STARBUCKS served on plaintiff a Request for Supplemental Demand for Relief pursuant to CPLR § 3017(c). In accordance with CPLR § 3017(c), plaintiff's response was due on or before May 31, 2007. Plaintiff has never responded to the Request for Supplemental Demand for Relief and has ignored our requests that he comply with CPLR § 3017(c).

4.      On November 8, 2007, Judge Rolando Acosta directed that defendant's discovery requests were to be responded to within 30 days.

5.      On November 19, 2007, my office spoke to plaintiff's counsel; during which conversation plaintiff's counsel confirmed that he had not yet responded to STARBUCKS Request for Supplemental Demand for Relief. Plaintiff's counsel advised that plaintiff's response would be forthcoming within the next 1-1/2 weeks.

6.      On December 3, 2007, a letter was faxed to plaintiff's counsel confirming the conversation of November 19, 2007 and requesting a response to STARBUCKS Request for Supplemental Demand for Relief. We received no response.

7.      The parties have been unable to resolve the foregoing discovery dispute, and for the reasons discussed in the accompanying Tompkins Affirmation, Defendant STARBUCKS respectfully requests that the instant motion be granted in its entirety.

Dated: New York, New York
        December 12, 2007

George N. Tompkins, III

2

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK  )

MARGARET ELLIOTT, being duly sworn, deposes and says:  that deponent is not a

party to this action, is over 18 years of age and resides in Nassau County;

That on the 12th day of December, 2007, deponent served the within document entitled

**AFFIRMATION OF GOOD FAITH** upon:

### By FedEx Overnight Mail

Kenneth S. Fink, Esq.
CHERIFF & FINK, P.C.
Attorney for Plaintiff
JOSEPH IOVANE
2 Rector Street, Suite 2104
New York, New York  10006

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of

same enclosed in a FedEx Express envelope.

_____
MARGARET ELLIOTT

Sworn to before me this
12th day of December, 2007

_____
Notary Public

Adrienne N. Kitchen
Notary Public, State of New York
No 02KI6129420
Qualified in New York County
Commission Expires June 20,2009

3069175.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH IOVANE,

<div align="center">Plaintiff,</div>

-against-

STARBUCKS COFFEE COMPANY and
STARBUCKS CORPORATION,

<div align="center">Defendant.</div>

---

<div align="center">

### AFFIRMATION OF GOOD FAITH

</div>

---

<div align="center">

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant, **STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY**
*Office & Post Office Address, Telephone*
150 EAST 42ND STREET
NEW YORK, NEW YORK 10017-5639
(212) 490-3000

</div>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RECEIVED

DEC 1 7 2007

IAS MOTION
SUPPORT OFFICE

-------------------------------------------------------------

JOSEPH IOVANE,                              :

             Plaintiff,          :          Index No.: 100154/07

    - against -                          :

STARBUCKS COFFEE COMPANY and               :
STARBUCKS CORPORATION,

                       :

            Defendant.

-------------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF
# **DEFENDANT STARBUCKS MOTION TO COMPEL**

George N. Tompkins, III
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

## PRELIMINARY STATEMENT

Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS") respectfully submits the following Memorandum of Law in support of its Motion, pursuant to CPLR § 3017(c), compelling plaintiff Joseph Iovane to serve a response to STARBUCKS Request for Supplemental Demand for Relief setting forth the total damages to which he deems himself entitled.

## STATEMENT OF FACTS

The facts relevant to a disposition of this Motion are set forth in the Affirmation in Support of Motion to Compel of George N. Tompkins, III dated December 12, 2007 ("Tompkins Affirmation").

## ARGUMENT

CPLR § 3017(c) permits a party against whom an action is brought to recover damages for personal injury to "request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." CPLR § 3017. The plaintiff must supply the supplemental demand within fifteen days. *Id.* "In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." CPLR § 3017(c); *see also* 2 J. Weinstein, H. Korn & A. Miller, New York Civil Practice § 3017.13 (2005) ("A supplemental demand must be served within 15 days of any request. Thereafter, the party requesting it may move for a court order that the supplemental demand be served.").

On May 16, 2007, STARBUCKS served plaintiff with a Request for Supplemental Demand for Relief, pursuant to CPLR § 3017(c), requesting that plaintiff serve a Supplemental Demand for Relief setting forth the total damages to which he deems himself entitled. A copy of

NYDATA 260084_1

the Request for Supplemental Demand for Relief is attached as Exhibit "C" to the Tompkins Affirmation. Plaintiff did not respond to this demand. A request by telephone in which plaintiff's counsel advised that the response was forthcoming and a follow-up letter, as detailed in the Tompkins Affirmation, still have not resulted in any response to STARBUCKS Request for Supplemental Demand for Relief being served.

Accordingly, as plaintiff has failed to timely respond to the Request for Supplemental Demand for Relief, STARBUCKS is entitled to an Order compelling plaintiff to serve his Supplemental Demand for Relief pursuant to CPLR 3017(c).

## CONCLUSION

WHEREFORE, STARBUCKS respectfully requests that the Court enter an Order compelling Plaintiff to serve his Supplemental Demand for Relief and for any other relief that the Court deems just and proper.

Dated: New York, New York
      December 12, 2007

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
    George N. Tompkins, III
150 East 42nd Street
New York, New York  10017-5639
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

To:    Kenneth Fink, Esq.
    CHERIFF & FINK, P.C.
    2 Rector Street – Suite 2104
    New York, New York  10006
    Attorneys for Plaintiff
    JOSEPH IOVANE

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                  )  ss.:
COUNTY OF NEW YORK )

MARGARET ELLIOTT, being duly sworn, deposes and says:  that deponent is not a

party to this action, is over 18 years of age and resides in Nassau County;

That on the 12th day of December, 2007, deponent served the within document entitled

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARBUCKS MOTION**

**TO COMPEL** upon:

    <u>**By FedEx Overnight Mail**</u>

    Kenneth S. Fink, Esq.
    CHERIFF & FINK, P.C.
    Attorney for Plaintiff
    JOSEPH IOVANE
    2 Rector Street, Suite 2104
    New York, New York  10006

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of

same enclosed in a FedEx Express envelope.

_____
MARGARET ELLIOTT

Sworn to before me this
12th day of December, 2007

_____
Notary Public

**Adrienne N. Kitchen**
**Notary Public, State of New York**
**No 02KI6129420**
**Qualified in New York County**
**Commission Expires June 20, 2009**

3069181 1

# EXHIBIT "G"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

JOSEPH IOVANE,                                                    Index No.: 100154/07

                            Plaintiff,

     - against -                                                 RESPONSE TO
                                                                 SUPPLEMENTAL
                                                                 DEMAND FOR RELIEF

STARBUCKS COFFEE COMPANY, and
STARBUCKS CORPORATION,

                            Defendants.
-------------------------------------------------------------X

        Plaintiff JOSEPH IOVANE, by his attorneys, Cheriff & Fink, P.C., as and for his Response to

Defendant's Supplemental Demand for Relief, respectfully states as follows:

        1.      Plaintiff, as a result of the Accident, sustained total damages in the amount of one million dollars

($1,000,000.00).

        Plaintiff reserves the right to supplement his responses up to and including the time of trial.


Dated:        New York, New York
              December 19, 2007

                                                    CHERIFF & FINK, P.C.


                                                    By:  Kenneth S. Fink
                                                    Attorneys for Plaintiff
                                                    JOSEPH IOVANE
                                                    2 Rector Street – Suite 2104
                                                    New York, New York 10006-1893
                                                    (212) 285-4100


TO:     Wilson Elser Moskowitz Edelman & Dicker LLP
        Attorneys for Defendants
        STARBUCKS COFFEE COMPANY
        STARBUCKS CORPORATION
        150 East 42nd Street
        New York, NY 10017
        (212) 490-3000

INDEX NO.   100154/07

## SUPREME COURT OF THE STATE OF NEW YORK
### COUNTY OF NEW YORK

JOSEPH IOVANE,

Plaintiff,

-against-

STARBUCKS COFFEE COMPANY, and STARBUCKS CORPORATION,

Defendants.

# RESPONSE TO DEMAND FOR SUPPLEMENTAL RELIEF

**CHERIFF & FINK, P.C.**
Attorneys for Plaintiff
2 Rector Street, Suite 2104
New York, NY 10006-1893
(212) 285-4100

**Notice of Entry**
Sir: PLEASE TAKE NOTICE that the within is a (certified) true copy of a _____ duly entered in the office of the clerk of the within named court

on ____ , 20 ____

Dated:

To:
Attorneys for: